PER CURIAM.
Respondent, J. Gregory Caver, is charged with one count of negligent supervision of his employees and failure to maintain proper safeguards of his client trust account, which actions, in turn, resulted in the commingling and conversion of client funds to either his own or another’s use on one occasion in February 1988, six years ago. Respondent admitted that an inaccurate accounting of settlement proceeds was made to his client, but denied that he converted client funds to his own use. Respondent asserted that the inaccurate accounting resulted solely from his employees’ wrongdoing. Respondent emphasized that upon learning of the wrongdoing, he promptly, properly accounted to the client and that he “overpaid [the client] for his inconvenience.”
The Hearing Committee found that respondent violated Rule 1.5 of the Rules of Professional Conduct by failing to take the steps necessary to safeguard the client funds entrusted to him and placed in his trust account. Having found an ethical violation, the Committee then analyzed the aggravating and mitigating factors. On the aggravating side, the Committee found only a single factor, respondent’s substantial experience in practicing law. On the mitigating side, the Committee found the following five factors: (i) absence of a prior disciplinary record; (ii) absence of a dishonest or selfish motive; (iii) a timely, good faith effort to make restitution, and to rectify the consequences of misconduct; (iv) full and free disclosure to the Disciplinary Board, and cooperative attitude toward proceedings; and (v) remorse.
The Committee then turned for guidance to Louisiana State Bar Ass’n v. Keys, 567 So.2d 588 (La.1990), in which this court imposed a thirty-day suspension on an attorney who was negligent simply in supervising his secretary. Particularly, the Committee stressed this court’s statement in Keys that such supervisory failures create a “fertile environment for [an attorney’s] employee’s misuse of the funds.” Finding Keys controlling, the Committee recommended that respondent be suspended for thirty (30) days. Agreeing, the Disciplinary Board adopted that recommendation as its own and further recommended that respondent be ordered to pay all costs of these proceedings.
Based on our review of the findings and recommendations of the Hearing Committee and the Disciplinary Board, and of the record filed herein, this court declines to adopt the recommended thirty-day suspension sanction. Given that this is the first and only complaint made against respondent; that the inaccurate accounting undeniably was attributed *1158 solely to respondent’s employees’ wrongdoing; that unlike the attorney in Keys, respondent derived no financial benefit from his employees’ wrongdoing, and this lack of supervision did not extend over a long period of time; that the amount involved is not sizable (less than $5,000); that the disciplinary proceedings have been delayed over six years; and that respondent promptly made not only full restitution, but also compensated his client for any consequential inconvenience, we conclude that the appropriate sanction is a reprimand.
DECREE
Accordingly, it is ordered that respondent, J. Gregory Caver, be and he is hereby reprimanded. All costs of these proceedings are assessed to respondent.
REPRIMAND ORDERED.
DENNIS, J., would follow the Disciplinary Board’s recommendation.
WATSON, J., not on panel.