DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
On April 5, 1996, respondent, J. Gregory Caver, an attorney licensed to practice in the State of Louisiana, was charged by disciplinary counsel with one count of formal charges, alleging failure to perform work for which he was hired to do, failure to communicate with his clients, failure to return client papers and failure to refund an unearned fee, in violation of Rules 1.1, 1.3, 1.4, 1.5(f), 1.16(d), and 8.4(a)(b) and (c) of the Rules of Professional Conduct.
The underlying facts indicate that on July 30, 1991, respondent was retained by Laura and Larkin Tidwell to expeditiously process a step-parent adoption matter. Although he was paid $500, respondent failed to perform the work, and steadfastly covered up his neglect for almost a year by telling his clients the court docket was “backed up” and that the Office of Family Services had misplaced their file. He advised his clients of an alleged court date and arranged for them to meet at his office, but did not show up for the meeting. Respondent also misrepresented to his clients that the judge would sign the adoption papers on an ex parte basis since they were friends, and that he was waiting-on an amended birth certificate, a document usually issued only after a final decree of adoption is rendered.
Subsequently, the Tidwells filed a complaint with the Office of Disciplinary Counsel on April 16, 1992. In addition, they wrote respondent on May 8, 1992 demanding an accounting and that their file be returned. Although they received their file one month later, respondent failed to provide an accounting. As a result, the Tidwells wrote another letter to disciplinary counsel requesting assistance to recover their unearned retainer fee since their file indicated respondent had failed to perform any work.
*151 Respondent provided disciplinary counsel with several written responses to the Tid-well’s complaints, which included allegations that he prepared (although admittedly did not process) the adoption papers, and that he had issued a reimbursement check to his clients for the unearned [2fee on July 9,1993. However, disciplinary counsel later found that the cheek was dishonored by the drawee bank as having been drawn against insufficient funds, and the unearned fee was not refunded until December 3,1996.
On July 13, 1993, respondent appeared for a deposition at the request of disciplinary counsel, but refused to directly answer questions propounded to him. After formal charges were filed, respondent failed to file an answer.
Based on respondent’s failure to answer, the matter was submitted to the hearing committee on documentary evidence only. On October 13, 1993, the hearing committee rendered its findings of fact and recommendation. It found that respondent failed to diligently represent his clients, failed to properly communicate with and communicated false information to his clients, failed tó return client documents and unearned fees, and engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Rules 1.3, 1.4, 1.16(d), and 8.4(a) and (c) of the Rules of Professional Conduct. As such, it determined the appropriate baseline sanction was suspension in light of respondent’s other disciplinary transgressions.[1] The committee recommended to the disciplinary board that respondent be suspended for one year and a day. As conditions for readmission, it further recommended respondent obtain three (3) hours of law school credit in professional ethics, retake the ethics part of the bar examination, and pay all costs, dues and assessments.
The hearing committee’s recommendation was considered by a panel of the disciplinary board; however, the board did not issue a written recommendation because the respondent was 13placed on interim suspension in an unrelated proceeding. In re Caver, 96-0280 (La.3/28/96), 670 So.2d 1217.
Prior to the filing of formal charges arising from this subsequent proceeding, respondent submitted a petition for consent discipline on August 15, 1996 admitting to harming forty-nine (49) clients and proposing his disbarment, with restitution to all victims and payment of costs of the proceedings as conditions to readmission.[2] Disciplinary counsel *152 concurred with the consent discipline, noting that respondent had converted $83,092.13 in client funds and had 13 prior disciplinary proceedings dating back to 1985.
The disciplinary board consolidated both proceedings for purposes of rendering its recommendation. Upon its consideration of the hearing committee’s findings in the Tid-well matter and the petition for consent discipline, the board recommended approval of the consent discipline, specifically, that respondent be disbarred from the practice of law and, as conditions for readmission, that he make full restitution to all complainants and pay all costs of these proceedings, including, but not limited to, all investigative costs. Neither disciplinary counsel nor respondent filed objections to the disciplinary board’s recommendation in this court.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that respondent’s name be stricken from the roll of attorneys, |4and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution in the amount of $83,092.38. Respondent’s payment of full restitution or efforts to make restitution will be considered if respondent applies for readmission. All costs of this proceeding including, but not limited to, all investigative costs are assessed to respondent.

 Kimball, J., not on panel. Supreme Court Rule IV, Part 2, § 3.

.Respondent’s prior discipline includes:
1. Formal private reprimand, conflict of interest, 5/1/85;
2. Admonition, 93-ADB-031, 6/24/93, failure
. to cooperate;
3. Public reprimand, 93-2698 (La. 1/13/94); 632 So.2d 1157, commingling and conversion of client funds;
4. Admonition, 93-ADB-092, 2/2/94, failure to cooperate;
5. Admonition, 93-ADB-099, 2/25/94, misrepresentation;
6. Admonition, 94-ADB-071, 8/22/94, failure to cooperate;
7. Admonition, 93-ADB-078, 9/1/94, failure to cooperate;
8. Admonition, 93-ADB-108, 11/16/94, failure to cooperate;
9. Admonition, 94-ADB-109, 11/16/94, failure to cooperate;
10. Admonition, 94-ADB-lll, 11/16/94, failure to cooperate;
11. Admonition, 94-ADB-003, 3/30/95, failure to cooperate;
12. Admonition, 95-ADB-013, 3/30/95, diligence, communication; and
13. Admonition, 95-ADB-031, failure to cooperate.

. In the Stipulation of Facts filed with the Petition for Consent Discipline, respondent admitted to the following violations of the Rules of Professional Conduct and other misconduct:
42 instances of failing to properly withdraw as counsel by failing to return client files, failing to protect a client’s interest, failing to return an unearned fee and failing to complete a matter; 41 instances of failing to return unearned fees; 41 instances of failing to communicate with clients and/or misrepresenting cases to clients; 37 instances of failing to use due diligence; 23 instances of engaging in dishonesty, fraud, deceit or misrepresentation (such as lying to clients or falsifying evidence); 19 instances of failing to properly handle client property by failing to render an accounting, failing to inform a client of a settlement, failing to properly remit a settlement, forging a client's signature, converting and commingling a client and third party funds and failing to use and maintain a trust account; 13 instances of engaging in conduct that is prejudicial to the administration of justice; 7 instances of failing to inform a client he was suspended from the practice of law; 7 instances of knowingly disobeying the rules of a tribunal; 6 instances of being incompetent by allowing a claim to prescribe, failing to appear and failing to com- *152 píete a matter; 4 instances of failing to cooperate with disciplinary authority; 3 instances of committing a criminal act by forging a client's signature and writing a NSF check; 2 instances of accepting representation which created a conflict of interest between two clients and/or former clients; 2 instances of engaging in the unauthorized practice of law by accepting work while under interim suspension; 2 instances of offering evidence known to be false; 2 instances of converting a non-meritorious issue; 1 instance of usurping a client’s authority; 1 instance of failing to respond to a lawful request for information from a disciplinary authority; and 1 instance of falsifying evidence.