DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
On June 7,1996, respondent, Mitchell Fer-rand, an attorney licensed to practice law in the State of Louisiana, was charged by the Office of Disciplinary Counsel with four counts of formal charges. The conduct involved instances of commingling and conversion of client funds, neglect, failure to cooperate with disciplinary proceedings, engaging in criminal conduct, and violating the Rules of Professional Conduct.
The underlying facts of the first two charges indicate that on May 9,1994, respondent was retained to represent Gayle Williams in a personal injury case. Without his client’s knowledge, he settled the claim on June 9, 1994, endorsed his client’s name to and negotiated the settlement draft for deposit into his personal account that was not designated as a trust account. Despite repeated requests from his client, respondent failed to acknowledge that he settled the case. Once settlement was acknowledged, he forwarded his client a personal check in the amount of $3,781.69, which was returned to the client for insufficient funds. After repeated attempts to seek collection, Ms. *1333 Williams retained counsel and lodged a complaint with the Office of Disciplinary Counsel. Respondent filed a response with the Office of Disciplinary Counsel misrepresenting that he had forwarded the settlement check back to the insurance company after being discharged by his client.
Ms. Williams had also filed a complaint with the Orleans Parish District Attorney’s Office. As a result, respondent was charged in Orleans Parish with issuing worthless checks in excess of $500 in violation of R.S. 14:71A and defrauding and attempting to defraud Whitney National Bank in violation of R.S. 14:71.1. However, respondent failed to appear in court for his arraignment, and remained a fugitive at law for at least eighteen (18) months until he was arrested on a warrant in May 1996. Respondent has not provided restitution to date.
The third count arises from respondent’s representation of Geraldine Johnson in February ] a1993 in connection with a personal injury action. Respondent scheduled several medical examinations for Ms. Johnson, wherein she incurred $2,491.25 in medical expenses. Subsequently, respondent failed to take any further action for and on behalf of his client, despite her repeated attempts to contact him. As a result of his inactions and neglect, the client’s medical expenses were turned into a credit collection agency. On November 27,1995, Ms. Johnson filed a complaint with the Office of Disciplinary Counsel alleging that her credit suffered damage as a result of respondent’s neglect. As of October 2, 1995, she was in debt $2,804.53, and respondent has yet to provide restitution.
The fourth count arose from respondent’s settlement of a personal injury claim with Progressive Insurance Company for $5,700 on behalf of his client, Marguerite Albert, which gave rise to the fourth formal charge. Respondent obtained his client’s endorsement on the settlement draft and then deposited the money. Later, respondent refused to disburse the funds to his client and, presumably, converted the funds to his own use. On December 1, 1994, Ms. Albert filed a complaint with the Office of Disciplinary Counsel seeking recovery of her money. During its investigation, disciplinary counsel was also advised by Progressive’s adjuster that Ms. Albert’s property damage claim was never settled due to the company’s inability to contact the respondent.
After formal charges were filed, respondent filed an untimely response. Although he did not deny the allegations of misconduct, he denied that his actions were intentional, and attributed his misconduct to his alcohol and gambling addictions.
On December 16, 1996, the hearing committee filed a recommendation concluding respondent had violated Rules 1.1(c), 1.2, 1.8, 1.4, 1.4(a), 1.15(a)(b), 8.1(a), and 8.4(a), (b), (c), and (g) of the Rules of Professional Conduct. The committee determined respondent breached a duty owed to his clients, and further violated a duty to the public, legal system and the profession. It concluded that respondent did knowingly and negligently make misrepresentations to his clients that resulted in actual injury. The committee noted the appropriate baseline sanction was disbarment, and no mitigating circumstances were present to warrant a downward departure. As such, it recommended disbarment, with full restitution and legal interest, as well as proof that he successfully completed treatment for his alcohol and gambling addictions prior 13to being permitted to apply for readmission.
The disciplinary board adopted the findings and recommendation of the hearing committee. Neither disciplinary counsel nor respondent filed objections to the disciplinary board’s recommendation in this court.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that respondent’s name be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution with legal interest. Respondent’s payment of full restitution or efforts to make restitution will be considered if respondent applies for readmission. It is also ordered that respondent provide proof he has sue- *1334 cessfully completed treatment for his alcohol and gambling addictions should he apply for readmission. All costs of these proceedings are assessed to respondent.

 Kimball, J., not on panel. Supreme Court Rule IV, Part 2, § 3.