ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
These consolidated attorney disciplinary proceedings arise from the filing of two sets of formal charges by the Office of Disciplinary Counsel (“ODC”) against respondent, Joe L. Smith, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 1.3 (lack of due diligence), 1.4 (failure to comply with reasonable requests for information), 1.15(b) (failure to refund and account for client funds), 1.16(d) (failure to protect client interests upon termination of representation), 3.2 (failure to make reasonable efforts to expedite litigation), 3.4(e) (knowingly disobeying an obligation under the rules of a tribunal), 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct, as well as Supreme Court Rule XIX, § 9(a) (violating the Rules of Professional Conduct) and § 9(c) (knowingly failing to respond to a lawful request from a disciplinary authority).
Underlying Facts

98-B-0619

The record of this proceeding indicates six separate complaints were filed against respondent.
Count 1: This count arises from a complaint filed by Mrs. Lucius Patterson, alleging she terminated respondent’s services in a worker’s compensation matter, but respondent failed Uto release Mrs. Patterson’s file or provide an accounting of his rendered services, despite repeated requests. After the filing of the complaint, the ODC made numerous requests for information from respondent regarding the complaint. Respondent failed to reply resulting in the issuance *242 of subpoenas compelling his testimony and production of documents. He appeared for his deposition promising to provide an accounting and his former client’s file to the ODC in the future. When he failed to produce the requested information, the ODC issued another subpoena compelling his appearance. He did not respond.
Count 2: This matter arises from a complaint filed by Annie Stafford Corley regarding respondent’s handling of the matter entitled “Succession of Elizabeth Stafford,” No. 6-760, Second Judicial District Court for the Parish of Bienville. Although the ODC forwarded a copy of the complaint to the respondent with instructions to respond, he failed to answer. When the ODC issued subpoenas compelling his testimony and production of documents, he again failed to comply.
Count 3: This matter arises from a complaint filed by Willie James Drain, alleging respondent, as his representing counsel, failed to provide him with requested copies of his work product in the matter entitled “Willie James Drain v. Mid-South Wood Preservers, Inc.,” No. 27,307, Court of Appeal, Second Circuit. Respondent faded to answer several requests for information issued by the ODC, including subpoenas compelling his testimony and production of documents.
Count 4: This matter arises from a complaint filed by Ernest Baylor, Sr. regarding respondent’s representation and alleged mishandling of the succession matter entitled “Succession of Warner Baylor, Sr”, No. 311,546, First Judicial District Court for the Parish of Caddo. The complaint alleged that respondent had in his possession $30,000 in succession funds that were unaccounted for and undistributed. When the ODC forwarded a copy of the complaint to the respondent, it was returned “unclaimed.” Subsequently, the ODC forwarded the complaint by regular mail | oadvising respondent of his obligation to reply, yet he failed to cooperate. He also refused to comply when the ODC issued subpoenas compelling his testimony and production of documents.
Count 5: This matter arises from a complaint filed by Fred Jones concerning respondent’s representation of the heirs in a certain succession matter. Although respondent was paid a fee of $5,000 in the contested succession proceedings, he failed to perform any substantive legal services which resulted in the sale of succession property at public auction. He also failed to communicate with his clients, failed to return the file and failed to account for and return the unearned fee. A copy of the complaint was forwarded to respondent and returned “unclaimed.” The ODC forwarded the complaint by regular mail advising respondent of his obligation to reply, yet he still failed to cooperate. He also refused to comply with the subpoenas compelling his testimony and production of documents before the ODC.
Count 6: This matter arises from a complaint filed by Aretha Armstrong, which, like the complaint in Count 2, also involved respondent’s representation in Succession of Elizabeth Stafford. The ODC forwarded a copy of the complaint to the respondent, but it was returned “unclaimed.”

98-B-O620

This proceeding involves one formal charge arising from a complaint instituted by Loraine Baylor Trahan, which, like Count 4 of 98-B-0619, concerns respondent’s representation of the heirs in Succession of Warner Baylor, Sr. Specifically, she alleged that in her capacity as an heir, she had failed to receive her court ordered share of the succession proceeds despite repeated requests. The ODC instituted an investigation into the complaint. The respondent failed to comply with the ODC’s requests for information, as well as subpoenas compelling his assistance in the matter.
Disciplinary Proceedings
UOn September 5, 1996, the ODC filed formal charges in 98-B-0620.[1] Respondent failed to file an answer. The hearing committee subsequently issued its recommendation. Relying on the ABA Standards for *243 Imposing Lawyer Sanctions, the absence of mitigating factors and the presence of several aggravating factors,[2] the committee recommended respondent be suspended from the practice of law for a period of six months, with reinstatement subject to conditions.
On March 13, 1997, the ODC filed formal charges in 98-B-0619. Respondent failed to file an answer. On July 2, 1997, the hearing committee rendered its findings, concluding the respondent violated the professional rules as charged and proposing the respondent be disbarred with readmission contingent upon submission of accounting of fees and costs and payment of full restitution to his victims.
After consolidating the two disciplinary proceedings pending against the respondent, the disciplinary board issued its findings and recommendation. Relying on recent jurisprudence from this court, it noted the baseline sanction was disbarment since the complaints involved commingling and conversion of client funds and the extreme pattern of neglect.[3] It recognized the same aggravating factors recognized by the ODC and hearing committees. In recommending disbarment, the board maintained the respondent’s “failure to cooperate or even attempt to participate in the disciplinary proceedings clearly shows that he does not even desire |sto practice law.” As conditions to readmission, the board proposed respondent pay full restitution, provide his clients and former clients with accountings for all funds paid and earned, and payment of all bar dues, disciplinary assessments and proceeding costs.
Neither the ODC nor the respondent filed an objection in this court to the board’s recommendation.
Conclusion
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendation that respondent be disbarred be adopted.[4]
Accordingly, it is ordered that the name Joe L. Smith be stricken from the rolls of attorneys, and that his license to practice law in the State of Louisiana be revoked. It is further ordered respondent make restitution to his clients. All costs of these proceedings are assessed against respondent.

 Johnson, J. not on panel. Rule IV, Part 2, § 3.

. Although 98-B-0620 has a higher docket number in this court, the underlying charges were in fact filed prior to the charges in 98-B-0619.

. The committee recognized the following aggravating factors: (a) prior disciplinary offense (9/1/94 admonition for failure to cooperate); (b) pattern of misconduct; (c) bad faith obstruction of disciplinary process by intentionally failing to comply with the disciplinary rules; (d) refusal to acknowledge wrongful nature of conduct; (e) substantial experience in the practice of law (admitted on April 23, 1976); and (f) respondent was ineligible to practice due to a failure to pay bar dues from August 13, 1982 to May 1, 1991 and again on October 1, 1996 for an unspecified period of time.

. The disciplinary board relied on the following cases from this court involving commingling and conversion of client funds and the extreme pattern of neglect: In Re: Leonard Parker, 96-2697 (La. 1/24/97), 687 So.2d 96; In Re: J. Gregory Caver, 97-0823 (La.5/1/97), 693 So.2d 150; In Re: Ronald Welcker, 97-0825 (La.6/3/97), 694 So.2d 918; In Re: Mitchell Ferrand, 97-0811 (La.6/20/97), 695 So.2d 1332.

.As stated, the disciplinary board also recommended that certain conditions of readmission be imposed. We take the view that it is inappropriate to impose conditions of readmission at this time. The conditions referred to by the board, along with other relevant factors, may be properly considered if and when petitioner applies for readmission.