| .PER CURIAM. *
This attorney disciplinary proceeding arises from two counts of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Mitchell Ferrand, a currently disbarred attorney.[1]
UNDERLYING FACTS
In March, 1996, the respondent was retained by Ivan Butler for representation in a personal injury matter. Upon negotiating a settlement, the respondent received a draft issued on behalf of Mr. Butler in the amount of $6,500. On April 19, 1996, Mr. Butler endorsed the draft, which subsequently cleared the bank several days later, but never received any of the settlement funds. The respondent had instead converted the funds to his own use.
DISCIPLINARY PROCEEDINGS
On July 7, 1996, Mr. Butler filed a complaint with the ODC. When the respondent failed to answer the ODC’s requests for information concerning the complaint, formal charges were instituted. The first count related to the conversion of client funds, and the second to the failure to cooperate. When the respondent failed to file an answer, the parties were ordered to submit evidence and written arguments on the issue of sanctions. While the respondent did not comply with the order, the ODC filed a memorandum attaching documentation in support of its proposed discipline of disbarment. The ODC argued the respondent violated a duty to his client, and that his conduct |2was intentional and caused harm to his client. While noting the absence of mitigating factors, the ODC recognized several aggravating factors, specifically, prior disciplinary offense; dishonest or selfish motive; victim vulnerability; experience in the practice of law[2]; and indifference to making restitution.

Hearing Committee Recommendation

The hearing committee concluded respondent violated Rules of Professional Conduct 1.15[3], 8.4(a)[4], and 8.4(c)[5]. Rely *875 ing on the aggravating factors cited by the ODC, the committee recommended disbarment, as well as assessment of all costs.

Disciplinary Board Recommendation

The disciplinary board issued it recommendation concurring in the findings and recommendation of the hearing committee. In support, it emphasized the misconduct at issue'was intentional, the respondent’s record of previous discipline and his failure to cooperate or to demonstrate in any way his desire to change his professional conduct. While recognizing the respondent is currently disbarred from practice, the disciplinary board recommended that the respondent be disbarred from practice for a second time with his eligibility to seek readmission extending from the date of the finality of the court’s order in this matter. It further recommended 13that respondent be ordered to make full restitution, as well as assessed with all costs.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of fact made by the hearing committee and disei-.plinary board that respondent committed the professional misconduct as charged. Respondent knowingly and intentionally converted funds from his client, and later failed to provide restitution. This conduct, combined with that involved in his prior disciplinary offense, evidences the respondent lacks the moral fitness to practice law and is a threat to his clients, the profession and the public.
Recognizing that respondent is already disbarred, we will extend the minimum period for readmission pursuant to Supreme Court Rule XIX,. § 24(A) for an additional five years from the finality of the instant judgment. Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987).
DECREE
Accordingly, it is ordered that respondent, Mitchell Ferrand, is prohibited from petitioning this court for readmission pursuant to Supreme Court Rule XIX, § 24(A) until five years have passed from the finality of this judgment. It is further ordered that respondent make full restitution to Mr. Butler with legal interest. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Victory, J. not on panel. Rule IV, Part II, § 3.

. Respondent was disbarred by this court in 1997 for converting funds from three clients, neglecting legal matters, failing to cooperate with the ODC and engaging in criminal conduct through the issuance of worthless checks. In re: Ferrand, 97-0811 (La.6/20/97), 695 So.2d 1332. The instant charges arose prior to his disbarment.

. The respondent was admitted to practice in October of 1991.

.Rule 1.15 provides:
(a) A lawyer shall hold properly of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in a bank or similar institution in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person...
(b) Upon receiving funds or other property in which a client or third person has an *875 interest, a lawyer shall promptly notify the client or third person.

. Rule 8.4(a) provides:
It is professional misconduct for a lawyer to:
(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another...

. Rule 8.4(c) provides:
It is professional misconduct for a lawyer to:
(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;