ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM. *
This attorney disciplinary proceeding arises from two sets of formal charges involving a total of sixteen counts of misconduct instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, J. Gregory Caver, a currently disbarred attorney.[1]
*1209 UNDERLYING FACTS

97-DB-066

Count I: In 1994, James Waltz retained respondent to represent him in a criminal matter. Subsequently, Mr. Waltz pled guilty to manslaughter after respondent promised him he would receive a two-year sentence. Instead, Mr. Waltz received a forty-year sentence. Respondent promised to file an appeal and was paid $500 to do so. Respondent failed to file the appeal, communicate with his client, and account for and return the unearned portion of the legal fee.
Count II: In May, 1994, William Moses retained respondent to represent him in connection with traffic tickets received in an automobile accident. Although respondent pled no contest to the violations, he did not inform his client that the plea would be entered and that a $109 fine would be owed. Respondent was also retained to institute a personal injury suit on behalf of Mr. Moses and was paid $200 for fees and potential court costs. Respondent failed to file the suit, communicate with his client, and account for and return the unearned portion of the legal fee and unused court costs.
|;,Count III: In February, 1996, Sherry Dove retained respondent to institute divorce proceedings on her behalf. She paid $1,500 in advance for fees and costs. Although respondent filed the suit, he did not complete the matter. Instead, he presented his client with a divorce petition with the wrong date and number on it stating they were legitimately filed divorce documents. Furthermore, during the term of representation, respondent had been placed on interim suspension by this court. He failed to inform his client of the suspension and that he could not complete the matter as required under Rule XIX. Finally, respondent failed to account for and return the unearned portion of the legal fee.
Count IV: In March, 1995, Alan Rankin retained respondent for $1,000 to represent him with respect to a criminal appeal. Respondent never filed the appeal or appeared on his client’s behalf. He failed to communicate with his client and failed to account for and return the unearned portion of the legal fee.
Count V: Julia Lightfoot retained respondent to pursue a personal injury matter. While on interim suspension, he settled the case with the insurance carrier. Respondent drove to Jackson, Mississippi and obtained the $20,000 settlement for his client. Upon receipt of the funds, respondent deposited the money into the account of his mother instead of his client trust account. He remitted only $8,000 to his client and improperly converted $5,666 of the funds due his client. Ms. Lightfoot never received the remaining funds.
Count VI: In 1989, Marilyn-Leslie Deleon retained respondent to file and complete a bankruptcy matter on her behalf. Respondent failed to take any action, forcing his client to hire another attorney in August, 1994 to file and complete the matter. Respondent failed to communicate with his client and failed to account for and return the unearned portion of the fee.
Count VII: In March, 1996, Roddrick Blow retained respondent for $2,500 to represent him in a criminal matter. Respondent never appeared on his client’s behalf or performed any services for him. Respondent also failed to advise his client he had been placed on interim suspension and that he was unable to complete the matter. Finally, respondent failed to account for and return the unearned portion of the legal fee.
Count VIII: In December, 1995, Cory Lamont Williams retained respondent to represent him in a criminal matter for $1,500. Respondent never appeared on his client’s behalf or |3performed any services for him. Respondent also failed to communicate with his client and account for *1210 and return the unearned portion of the legal fee.
Count IX: In 1995, Robert W. Burroughs retained respondent for $750 in connection with DWI and speeding violations. Respondent performed little or no services resulting in his client having to retain other counsel to complete the matters. Respondent failed to communicate with his client and account for and return the unearned portion of the legal fee.
Count X: On March 16, 1995, Magdalen Pierce retained respondent to defend her in a contract dispute. Respondent failed to perform any services in the matter and a default judgment was taken against his client. Respondent failed to communicate with his client and failed to return the unearned legal fee.
Count XI: In November, 1990, Ellis Chatman retained respondent to defend him in a civil matter. Respondent was unsuccessful and opposing counsel obtained a judgment of $4,500 against Mr. Chatman. Respondent was responsible for forwarding payments from his client to opposing counsel, yet failed to properly protect the funds entrusted to him. When he received a $1,700 check from his client payable to opposing counsel, respondent converted the client funds by forging opposing counsel’s signature.
Count XII: In August, 1995, Elijah Thomas hired respondent for $800 to handle a child custody matter. Respondent failed to take any action in the matter and, instead, misrepresented to his client the status of the case. Respondent also failed to account for and return the unearned portion of the legal fee.
Count XIII: In March, 1996, Lonnie Ray Brisker retained respondent for $700 to represent him in a criminal matter. Respondent did little or no work in the matter, as well as failed to advise his client of his interim suspension under Rule XIX. Respondent also failed to account for and return the unearned fee.
Count XIV: Respondent failed to respond to the ODC’s requests for information regarding the disciplinary complaints filed against him subject of counts I through XIII, above.

98-DB-008

Count I: In March, 1995, Darren Sloan retained respondent for approximately 14$2,000 to handle a criminal matter. While respondent appeared on his client’s behalf on one occasion, he failed to communicate with his client or represent him in any further way. Respondent also failed to account for and return any portion of the unearned legal fee.
Count II: Respondent failed to respond to the ODC’s requests for information regarding the disciplinary complaint filed by Darren Sloan.
DISCIPLINARY PROCEEDINGS
On October 30, 1997 and February 11, 1998, formal charges were filed in 97-DB-066 and 98-008, respectively.[2] In each case, numerous attempts made to serve respondent were unsuccessful. Respondent failed to submit formal answers and the cases were submitted on documentary evidence.

*1211
Hearing Committee Recommendation

97-DB-066

The hearing committee concluded respondent violated the professional rules as charged. It determined the baseline sanction was disbarment, citing the ABA Standards for Imposing Lawyer Sanctions[3] and Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), as well 15as a prior disciplinary case involving respondent [4]. Relying on the presence of several aggravating factors, in the absence of any in mitigation[5], it recommended disbarment and payment of restitution in the amount of $16,730.00 to his victims.

97-DB-008

The hearing committee filed its report with the disciplinary board concluding respondent’s conduct was intentional and involved a breach of duties owed to his clients, the profession and the disciplinary-system. Relying on Standard 4.41 of the ABA Standards for Imposing Lawyer Sanctions and the presence of the same aggravating factors cited in 97-0666, it recommended disbarment and payment of restitution in the amount of $2,000 as an appropriate sanction.

Disciplinary Board Recommendation

Upon consolidating and considering the two cases pending against respondent, the disciplinary board issued its recommendation to the court concurring in the findings and recommendation of the hearing committee. While noting the respondent is currently disbarred from practice, it recommended that respondent be disbarred from practice for the instant misconduct and | fithat his five-year readmission period *1212 be extended to run from the date of finality of the court’s judgment in this matter. It further recommended that respondent be ordered to make full restitution and assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of fact made by the hearing committee and disciplinary board that respondent committed the professional misconduct as charged. Respondent knowingly and intentionally neglected legal matters, converted funds from his numerous clients, and later failed to provide restitution. This conduct, combined with his lengthy prior disciplinary record, demonstrates respondent lacks the moral fitness to practice law and is a threat to his clients, the profession and the public.
Clearly, this misconduct would justify disbarment. Since respondent is already disbarred, we will extend the minimum period for readmission pursuant to Supreme Court Rule XIX, § 24(A) for an additional five years from the finality of the instant judgment. Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987).
DECREE
Based on our review of the recommendations of the hearing committee and disciplinary board, and the record herein, it is the decision of this court that respondent, J. Gregory Caver, be prohibited from petitioning this court for readmission pursuant to Supreme Court Rule XIX, § 24(A) until five years have passed from the finality of this judgment. It is further ordered that respondent make full restitution to his clients with legal interest. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Knoll, J. not on panel. Rule IV, Part II, § 3.

. On February 28, 1996, this court placed respondent on interim suspension. In re: Caver, 96-0280 (La.3/28/96), 670 So.2d 1217. Subsequently, the respondent submitted a petition for consent discipline, admitting to harming forty-nine clients, and proposed disbarment with restitution to all victims. This court adopted the disciplinary board’s recommendation that the consent discipline be ac *1209 cepted. In re: Caver, 97-0823 c/w 97-0824 (La.5/1/97), 693 So.2d 150.

. The formal charges alleged the following violations of the Rules of Professional Conduct: Rules 1.1 (incompetence), 1.2 (scope of representation), 1.3 (lack of diligence), 1.4 (failure to comply with reasonable requests for information), 1.5 (failure to refund client funds), 1.15(b) (failure to safeguard client funds), 1.16(d) (failure to protect client interests upon termination of representation), 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), 7.1 (failure to communicate), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate in ODC investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (engaging in criminal acts adversely reflecting on the lawyer’s honesty), 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC).

. ABA Standard 4.11 suggests disbarment is appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client; Standard 4.41 suggests that disbarment is appropriate when: a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or b) a lawyer knowingly fails to perform services for a client; or c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to the client; Standard 4.61 suggests disbarment is appropriate when a lawyer knowingly deceives a client; Standard 6.21 suggests disbarment is appropriate when a lawyer knowingly violates a court order or rule; Standard 7.1 suggests disbarment when a lawyer knowingly violates a duty owed to the profession; Standard 8.0 suggests disbarment is generally appropriate when a lawyer has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

. In re: Caver, 97-0823 c/w 97-0824 (La.5/1/97), 693 So.2d 150.

. The hearing committee noted the presence of the following aggravating factors: dishonest or selfish motive; pattern of misconduct; multiple offenses; obstruction of disciplinary investigation; refusal to acknowledge wrongful nature of conduct; vulnerability of the victim; and indifference to making restitution. It also recognized respondent's lengthy prior disciplinary record:
1. Formal private reprimand, conflict of interest, 5/1/85;
2. Admonition, 93-ADB-031, 6/24/93, failure to cooperate;
3. Public reprimand, 93-2698 (La. 1/13/94); 632 So.2d 1157, commingling and conversion of client funds;
4. Admonition, 93-ADB-092, 2/2/94, failure to cooperate;
5. Admonition, 93-ADB-099, 2/25/94, misrepresentation;
6. Admonition, 94-ADB-071, 8/22/94, failure to cooperate;
7. Admonition, 93-ADB-078, 9/1/94, failure to cooperate;
8. Admonition, 93-ADB-108, 11/16/94, failure to cooperate;
9. Admonition, 94-ADB-109, 11/16/94, failure to cooperate;
10. Admonition, 94-ADB-lll, 11/16/94, failure to cooperate;
11. Admonition, 94-ADB-003, 3/30/95, failure to cooperate;
12. Admonition, 95-ADB-013, 3/30/95, diligence, communication;
13. Admonition, 95-ADB-031, failure to cooperate;
14. Disbarment, 97-0823 c/w 97-0824 (La.5/1/97), 693 So.2d 150, involving 50 clients for misconduct relating to forgery, falsifying evidence, conversion of client funds, neglect of legal matters, failure to communicate and engaging in the unauthorized practice of law, among other things.