ATTORNEY DISCIPLINARY PROCEEDINGS.
JjPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Arthur L. Carter, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension. The Office of Disciplinary Counsel (“ODC”) has concurred in the petition. For the reasons assigned, we accept the petition for consent discipline and disbar respondent.
UNDERLYING FACTS

Cagnolatti Matter

In 1993, Ann Cagnolatti retained respondent to represent her in connection *1024 with a personal injury case arising from an automobile accident. Although respondent filed suit on Ms. Cagnolatti’s behalf, he failed to keep her informed about the status of the litigation.
In 1998, respondent settled the case without Ms. Cagnolatti’s knowledge or approval. Respondent negotiated settlement checks and converted the funds, totaling $19,000, for his own use.
When contacted by Ms. Cagnolatti’s new attorney, respondent blamed an employee for the conversion. During the ODC’s investigation, respondent denied | ¡¡.negotiating the check and misappropriating the funds. Respondent now acknowledges these statements were false. No restitution has been paid to Ms. Cagnolat-ti.[1]

Glapion Matter

In 1997, Chaunti Glapion retained respondent to represent her in connection with a personal injury case arising from an automobile accident. Although respondent filed suit on Ms. Glapion’s behalf, he failed to keep her informed of the status and progress of the case.
Subsequently, Ms. Glapion’s sister checked the court records and learned that respondent settled the case without Ms. Glapion’s knowledge. Further investigation revealed that respondent converted the settlement funds to his own use, and failed to disburse any settlement funds to his client or to third party medical providers.[2]
DISCIPLINARY PROCEEDINGS

Formal Charges

The ODC filed formal charges in the Cagnolatti matter, alleging respondent’s conduct violated several provisions of the Rules of Professional Conduct. Respondent filed an answer to the formal charges. A formal hearing was held before the hearing committee, which recommended respondent be disbarred.

Petition for Consent Discipline

While the hearing committee’s recommendation was pending before the disciplinary board, respondent submitted a petition for consent discipline encompassing the Cagnolatti matter as well as the Gla-pion matter, which was still in lathe investigatory stage. Respondent stipulated that his conduct in both matters violated the following provisions of the Rules of Professional Conduct: Rule 1.4 (failure to keep client reasonably informed about the status of a legal matter), Rule 1.5 (failure to charge a reasonable fee); Rule 1.15 (commingling and conversion of client and third party funds); Rule 8.4(a) (violation of the Rules of Professional Conduct); Rule 8.4(b) (commission of a crime); Rule 8.4(c) (engaging in conduct that involves dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(d) (engaging in conduct that is prejudicial to the administration of justice). As a sanction, respondent proposed that he be disbarred.
The ODC concurred in the petition for consent discipline. In its concurrence, the ODC observed the baseline sanction for respondent’s misconduct was disbarment.
At about the same time as the petition for consent discipline was filed, respondent and the ODC file a joint motion in this court seeking to place respondent on interim suspension. On October 3, 2001, this court placed respondent on interim suspension pending further orders of the court. In re Carter, 01-2502 (La.10/5/01), 797 So.2d 49.

*1025
Recommendation of the Disciplinary Board

Based on respondent’s admission of misconduct, the board determined respondent knowingly violated a duty to his clients and third parties. It found he failed to communicate with his clients, failed to provide an accounting of funds and intentionally converted client and third party funds. It further found the clients and third party medical providers were harmed by the continued deprivation of their funds.
|4Citing the ABA’s Standards for Imposing Lawyer Discipline,[3] the board concluded the baseline sanction for respondent’s misconduct was disbarment. As aggravating factors, it recognized respondent’s dishonest or selfish motive and substantial experience in the practice of law.[4] In mitigation, the board found respondent had no prior disciplinary record, cooperated in the disciplinary process and demonstrated remorse for his actions. Based on these findings, the board recommended respondent’s petition for consent discipline be accepted and that he be disbarred.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, afid deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s primary misconduct in this case involves his conversion of client and third party funds. In Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we set out the factors which warrant disbarment in a disciplinary proceeding based on conversion:
In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
All of these factors are present in the instant case. Respondent acted in bad faith and contrary to his clients’ interests. He committed acts of fraud and forgery by endorsing settlement documents without his clients’ knowledge or permission. His *1026 conduct caused actual harm by depriving the clients and third parties of their funds, and the record is devoid of any evidence of restitution.
Aggravating factors are present, including respondent’s dishonest or selfish motive and his substantial experience in the practice of law. The mitigating factors of lack of prior discipline, cooperation and remorse are not significant enough to warrant deviation from the baseline sanction of disbarment.
Accordingly, we will accept the petition for consent discipline, and disbar respondent from the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Arthur L. Carter be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make full restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance |fiwith Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR and KNOLL, JJ., would reject consent discipline.

. Ms. Cagnolatti subsequently filed a civil suit against respondent seeking to recover damages resulting from his actions. The outcome of that suit is unclear from the record.

. The amount of funds converted by respondent are not set forth in the stipulation of facts submitted by the respondent in connection with the petition for consent discipline.

. The board relied on Standard 4.11 (disbarment is appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client); Standard 4.61 (disbarment is appropriate when a lawyer deceives a client with the intent to benefit the lawyer and causes serious injury or potentially serious injury to a client); Standard 5.11 (disbarment is appropriate when a lawyer engages in intentional misconduct involving dishonesty, fraud, deceit or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice); and Standard 6.11 (disbarment is appropriate when a lawyer makes a false statement with intent to deceive the court and causes serious or potentially serious injury to a party).

. Respondent was admitted to the bar in 1986.