ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, J. Gregory Caver, a currently disbarred attorney. For his misconduct, which involves engaging in the unauthorized practice of law on two occasions, respondent proposed that he be permanently disbarred. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
In 1997, respondent was disbarred from the practice of law for conversion of client funds. In re: Caver, 97-0823, 97-0824 (La.5/1/97), 693 So.2d 150. In 1999, respondent was found guilty of further professional misconduct warranting disbarment, and the court extended for an additional five years the minimum period for applying for readmission from the pri- or disbarment. In re: Caver, 99-0708 (La.6/4/99), 733 So.2d 1208. Notwithstanding these disciplinary matters, respondent has continued to engage in the practice of law.

The Lexa Matter

Respondent wrote a letter to Mary Lexa, whose son was charged with a minor drug offense in Ascension Parish, advising her that he would be enrolling as counsel of record in the criminal matter and soliciting $500 in legal fees from her. On July 2, | ¡,2002, respondent appeared in open court in Ascension Parish and, on the record, requested to be enrolled as counsel for the *771 defendant. The assistant district attorney handling the case immediately informed the court that respondent was a disbarred attorney and not licensed to practice law. Respondent was arrested and charged with engaging in the unauthorized practice of law, a violation of La. R.S. 37:213.

The Gremillion Matter

Amy Gremillion paid respondent $2,500 to represent her son in connection with a criminal matter pending in Baton Rouge. Respondent was subsequently arrested and charged with engaging in the unauthorized practice of law, a violation of La. R.S. 37:213, and with theft, a felony, in violation of La. R.S. 14:67.[1]
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

The ODC conducted an investigation into the complaints filed against respondent. Prior to the institution of formal charges, respondent filed a petition for consent discipline. In that petition, respondent admitted his conduct violated the following provisions of the Rules of Professional Conduct: Rules 5.5 (engaging in the unauthorized practice of law), 8.4(b) (commission of a criminal act, especially one that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). For his misconduct, respondent proposed that he be permanently disbarred from the practice of law in Louisiana. The ODC concurred in the petition.
| ^Disciplinary Board Recommendation
The disciplinary board found that by violating Rules 5.5 and 8.4(b), (c), and (d) of the Rules of Professional Conduct, respondent intentionally violated duties owed to his clients, the public, the legal system, and the profession. The board concluded respondent’s dishonest and criminal conduct caused damage, and that the baseline sanction is therefore disbarment. Based upon its review of the record, the board determined the aggravating factors present include respondent’s prior disciplinary record,[2] pattern of misconduct, and multiple offenses. In mitigation, the board recognized respondent’s remorse and cooperative attitude toward the disciplinary proceedings. The board noted that respondent’s conduct meets two of the guidelines for permanent disbarment set forth in Supreme Court Rule XIX, Appendix E, and concluded that the “most onerous form of lawyer discipline in Louisiana” is warranted in this case in light of respondent’s lengthy prior disciplinary record. Accordingly, the board recommended the petition for consent discipline be accepted.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline *772 to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered |4in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The parties submit respondent’s conduct in this case warrants permanent disbarment. We agree.
The guidelines for permanent disbarment are set forth in Appendix E to Supreme Court Rule XIX. As the preamble to this appendix explains, these guidelines were not intended to bind this court in its decisionmaking, but to provide “useful information to the public and to lawyers concerning the types of conduct the Court might consider to be worthy of permanent disbarment.”
Guideline 8 of Appendix E provides that permanent disbarment may be warranted when a lawyer engages in the unauthorized practice of law while suspended or disbarred. Respondent’s conduct clearly falls within this guideline, as he has engaged in two instances of the unauthorized practice of law, in blatant disregard of the orders of this court which disbarred him. Guideline 9 provides that permanent disbarment may be warranted for instances of serious attorney misconduct which are “preceded by suspension or disbarment for prior instances of serious attorney misconduct.” The term “serious attorney misconduct” is defined as “any misconduct which results in a suspension of more than one year.” Respondent’s actions in the instant proceeding unquestionably constitute serious attorney misconduct, and were preceded by two prior instances of conduct which we deemed worthy of disbarment.
Accordingly, we will accept the petition for consent discipline.[3] Pursuant to that petition, we will permanently disbar respondent from the practice of law in Louisiana.
[.DECREE
Upon review of the petition for consent discipline, the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that James Gregory Caver be permanently disbarred. Pursuant to Supreme Court Rule XIX, § 24(A), he shall be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. According to the petition for consent discipline, all of the criminal charges against respondent are still pending.

. In addition to the 1997 and 1999 disciplinary matters earlier noted, respondent was admonished or reprimanded on thirteen occasions between 1985 and 1995.

. Because the petition for consent discipline seeks permanent disbarment, it is somewhat puzzling that respondent did not pursue permanent resignation from the practice of law under Supreme Court Rule XIX, § 20.1, as that procedure would have achieved the same result in a more expedient fashion.