ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
The Office of Disciplinary Counsel (“ODC”) commenced an investigation into allegations that respondent commingled *269 client funds with his own funds and failed to render an accounting to his client. After the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline in which respondent admitted that his conduct violated Rule 1.15 (safekeeping property of clients or third parties) of the Rules of Professional Conduct. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted .and that Boolus J. Boohaker, Louisiana Bar Roll number 3233, be suspended from the practice of law for a period of eighteen months, with all but six months deferred.
IT IS FURTHER ORDERED' that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., would reject consent discipline and assigns reasons.
TRAYLOR, J., would reject consent discipline.
JOHNSON, J. would reject consent discipline.
| disbarment is the baseline sanction where an attorney has commingled and converted client funds. See, ABA’s Standards for Imposing Lawyer Sanctions, Standard 4.11[1]; RE: Armant, 04-2232 (La.11/19/04), 888 So.2d 768; In re Joe L. Smith, 98-0619 (La.5/8/98), 710 So.2d 241; In Re: Leonard Parker, 96-2697 (La. 1/ 24/97), 687 So.2d 96; In Re: J. Gregory Caver, 97-0823 (La.5/1/97), 693 So.2d 150; In Re: Ronald Welcker, 97-0825 (La.6/3/97), 694 So.2d 918; In Re: Mitchell Ferrand, 97-0811 (La.6/20/97), 695 So.2d 1332. An attorney’s actions of commingling and converting client funds violate the Rules- of Professional Conduct 1.15 (safekeeping property of clients or third persons). In Re: Gros, 03-3076 (La.4/23/04), 871 So.2d 1091; In re Lewis, 03-1245 (La.10/3/03), 856 So.2d 1191; In Re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; Louisiana State Bar Association v. Haylon, 250 La. 651, 198 So.2d 391 (La.1967). This Court has determined that the sanctioning of ah attorney “depends upon tbe seriousness of the offense, fashioned in the light of the purpose of the lawyer discipline, taking into account aggravating and mitigating circumstances.” Louisiana State Bar Association v. O’Halloran, 412 So.2d 523 (La.1982). This Court is mindful that the “disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.” In Re: Bilbe, 02-1740 (La.2/7/03) 841 So.2d 729.
|2Pisbarment is warranted, where: 1) an attorney acted in bad faith and contrary to the interest of his client, failed to inform his client of the status of litigation, settled a case without the knowledge of the client, negotiated settlements and converted his client’s funds for own use; 2) his conduct caused client actual harm, depriving client and/or third party of their funds; 3) the record shows no restitution; 4) the aggravating factors were present; and 5) the mitigating factors were not significant enough to warrant deviation from the baseline sanction of disbarment. See, Rules of Professional Conduct 1.15, In Re: Carter, 02-2066(La.10/14/02) 829 So.2d 1023. In the case sub judice, Attorney Boohaker collected funds on behalf of his client, Mr. Fourgaut, yet the attorney failed to refund those funds to his client, *270 failed to maintain proper records to account for those funds, and failed to properly deposit those funds in a separate account, i.e. trust account. In essence, he commingled $300,000.00 collected on behalf of his client and converted his client’s funds for his personal use. His failure to properly handle his client’s funds caused those funds to be lost through Attorney Boohaker’s bankruptcy, which caused the client a substantial actual loss. This was not an isolated incident, as Attorney Boo-haker has a prior disciplinary history which include a 1988 reprimand for a similar misconduct. These incidents include: 1) an admonition in 2000 for failing to communicate with a client and neglecting a legal matter and 2) a formal private reprimand in 1988 for failing to render a timely accounting and failing to promptly refund the unearned portion of legal fee paid in advance. These aggravating factors, coupled with his substantial experience in the practice of law which began in 1976, outweigh the stipulated mitigating factors of his cooperating with the disciplinary proceeding. As this Court held in Louisiana State Bar Ass’n v. Selenberg, 270 So.2d 848 (La.1972), an attorney’s misuse of a client’s funds represents the “gravest form of professional ^misconduct” and disbarment is warranted. Therefore, I would reject the joint petition for consent discipline.

. Standard 4.11 provides that "Disbarment is generally, appropriate when a lawyer knowingly converts client’s property and causes injury or potential injury to a client.”