DISCIPLINARY PROCEEDINGS
JiPER CURIAM.*
This disciplinary proceeding arises from two counts of formal charges filed by disciplinary counsel against respondent, Ronald A. Welcker.
The first count related to respondent’s representation of an elderly client, Marguerite Hoffman, in connection with a personal injury matter. Respondent’s contingency fee contract provided that he would be given a power of attorney to execute settlement drafts and release agreements on Ms. Hoffman’s behalf. During settlement negotiations, Ms. Hoffman became seriously ill and died on August 10, 1993. Respondent was immediately notified of the death by the heirs. Nonetheless, he continued negotiations with the tortfeasor and ultimately agreed to a settlement of $55,000. Upon receipt of the settlement draft on August 18, 1993, eight days after Ms. Hoffman's death, he endorsed or caused to be endorsed the *919 name of his deceased client and deposited the funds into his client trust account, even though the power of attorney expired under the law at the time of Ms. Hoffman’s death.
For several months, respondent failed to disclose to Ms. Hoffman’s heirs that he settled the case. During this time, the funds in respondent’s trust account fell below the es-crowed amount of the settlement. Upon learning from the insurance carrier Ms. Hoffman’s claim was settled more than a year before, the heirs retained counsel to recover the funds. Respondent did not make restitution until August 1994, approximately one year after he received the funds.
The second count arose from an unrelated matter in which respondent was retained by Elizabeth Blouin in connection with a 12personal injury ease. The contingency fee contract provided respondent with power of attorney to execute settlement drafts and related documents only on behalf of Mrs. Blouin, and not on behalf of her husband.
In October 1993, respondent settled the case for $25,868.50. The settlement draft was made payable to Mrs. Blouin and her husband. Respondent endorsed the settlement draft with Mr. Blouin’s name without his knowledge, consent, or permission and deposited the funds in his client trust account.
Although Mrs. Blouin made repeated requests regarding the status of her case, respondent failed to advise her that he had settled the matter. During such time, the funds in respondent’s trust account fell below the amount of the settlement. Respondent did not provide the Blouins with their share of the settlement proceeds until August 1994, ten months after the settlement.
On January 3,1997, the hearing committee rendered its findings and recommendation.[1] It determined respondent acted improperly in endorsing client checks without legal authorization, embezzled clients’ funds, failed to tell clients the truth, and failed to disburse funds rightfully owed to his clients and held in his trust in violation of Rules 1.2(a), 1.4(a) and (b), 8.4(b) and (c) of the Rules of Professional Conduct. The committee found several aggravating factors were present. Specifically, it found respondent repeatedly acted with a disregard for his clients and the legal profession, evidenced no remorse, and was disciplined on two prior occasions.[2] It found no mitigating factors. Accordingly, the committee recommended to the disciplinary board that respondent be disbarred from the practice of law.
_JjOn April 1, 1997, the disciplinary board filed its recommendation with this court, wherein it adopted and incorporated by reference the report of the hearing committee. It is also noted that respondent presently has two additional sets of disciplinary charges pending against him for misconduct similar to that alleged in the instant case.[3] The disciplinary board further recommended that *920 respondent be assessed with costs of these proceedings.
Respondent filed an objection in this court to the board’s recommendation, primarily alleging that the board’s findings and proposed discipline were inconsistent with the evidence.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that respondent’s name be stricken from the roll of attorneys, and that his license to practice law in the State of Louisiana be revoked. It is further ordered that all costs of these proceedings are assessed to respondent.

 Knoll, J., not on panel. Supreme Court Rule IV, Part 2, § 3.

. After the filing of formal charges, respondent filed an untimely answer generally denying the allegations of misconduct. Since respondent did not answer timely, the hearing committee, pursuant to Supreme Court Rule XIX, § 11(E)(3), ordered that the formal charges be deemed admitted, but allowed respondent to present evidence in mitigation at the hearing. Although the hearing committee subsequently continued the first scheduled hearing at the request of respondent, he failed to appear at the rescheduled hearing conducted on December 5, 1996.

. In August 1989, respondent was publicly reprimanded for sharing legal fees with a non-lawyer. In October 1990, he was admonished for failure to cooperate in a disciplinary investigation.

. Two additional sets of formal charges are pending against respondent at this time. In 96-DB-088, respondent is charged with three counts of misconduct, involving conversion and commingling of client funds, failure to communicate with clients, lack of diligence and failure to remit interest funds to clients or IOLTA (count I); settling a claim without client approval, failure to communicate with clients, conversion and commingling of client funds and lying to disciplinary counsel (count II); and issuing an NSF checks and conversion and commingling of third party funds (count III). In 97-DB-009, respondent is charged with three counts of misconduct involving conversion and commingling of client funds, failure to communicate with clients, settling a claim without client approval, forging a client's signature (count I); conversion and commingling of client funds and failure to communicate with clients (count II); and lack of diligence, failure to perform work, failure to return an unearned fee and failure to communicate with clients (count III). The charges also allege respondent failed to cooperate with disciplinary counsel in its investigation of these complaints.