ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM. *
This attorney disciplinary proceeding arises from two sets of formal charges, involving a total of eighteen counts of misconduct, filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Ronald A. Welcker, a currently disbarred attorney.[1]
FORMAL CHARGES

97-DB-009

In Count I of the formal charges, the ODC alleges that Sherri Kloeber and Traci Champagne retained respondent to repre *178 sent them in connection with a personal injury matter. Although the clients repeatedly attempted to contact respondent to determine the status of their pending litigation, he failed to return their telephone calls. The clients thereafter determined that respondent had settled their claims without their knowledge or consent, and that he had forged their signatures on the settlement drafts. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed' by Ms. Kloeber and Ms. Champagne.
In Count II of the formal charges, the ODC alleges that Wilbur Henry retained respondent to represent him in connection with a personal injury matter. Although Mr. Henry repeatedly attempted to contact respondent to determine the status of his pending litigation, respondent failed to return Mr. Henry’s telephone calls. Mr. Henry later participated in a settlement conference and authorized the settlement of his case, but respondent did not disburse the settlement |?funds after he received them. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mr. Henry.
In Count III of the formal charges, the ODC alleges that William and Paula Brun-etti paid respondent $1,000 to represent them in connection with a criminal matter. Respondent neglected the matter, failed to make court appearances on behalf of his clients, and failed to communicate with his clients.[2] Respondent also refused to return the unearned portion of the fee or to render an accounting. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by the Brunettis.
The ODC alleges that respondent’s conduct violates Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15 (safekeeping property of a client or third person), 5.8(b) (failure to supervise the conduct of a non-lawyer), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

98-DB-019

In Count I of the formal charges, the ODC alleges that Sharon Bible retained respondent to represent her in connection with a personal injury matter. Respondent later settled Ms. Bible’s case for $4,000 without her knowledge or consent. Respondent did not disburse the settlement funds, provided no accounting to his client, and converted the settlement funds to his own use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Bible.
In Count II of the formal charges, the ODC alleges that Thomas Gant retained respondent to represent him in connection with a personal injury matter. Respondent later settled the property damage portion of the case, but he failed to account for the funds received and failed to disclose the total settlement amount to his client. Respondent advised Mr. Gant that he had settled lathe case for $5,000 but did not provide copies of the settlement drafts, receipt and release agreements, or other supporting documentation, all of which respondent had signed on his client’s behalf. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mr. Gant.
In Count III of the formal charges, the ODC alleges that George Armar retained respondent to represent him in connection with a personal injury matter. Respondent neglected the matter and failed to communicate with his client. Moreover, *179 respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mr. Armar.
In Count IV of the formal charges, the ODC alleges that respondent was retained to represent a client in connection with a personal injury matter. During the representation, respondent hired Dr. Jerry Pro-vance to provide expert witness testimony and personally obligated himself to pay Dr. Provance’s fees. Dr. Provance billed respondent the sum of $1,400 for the expert evaluation that he provided, but respondent failed to pay the fee. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Dr. Provance.
In Count V of the formal charges, the ODC alleges that Sybil Hornsby and her husband retained respondent to represent them in connection with a personal injury matter. Mr. Hornsby subsequently died and the claim was converted to a wrongful death suit. Respondent later settled the case for $240,000 without Mrs. Hornsby’s knowledge or consent. Respondent forged Mrs. Hornsby’s name to the settlement draft and to the receipt and release documents, and he converted the settlement funds to his own use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mrs. Hornsby.
In Count VI of the formal charges, the ODC alleges that respondent was arrested in New Orleans for driving while intoxicated and was charged with DWI. Respondent failed to appear for trial and a warrant was issued for his arrest.
In Count VII of the formal charges, the ODC alleges that in 1989, Sharon Bible retained respondent to represent her in connection with a personal injury matter. Respondent filed suit on Ms. Bible’s behalf but then neglected the matter. After Ms. Bible secured her file from respondent, she learned the case had been dismissed as abandoned. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Bible.
Din Count VIII of the formal charges, the ODC alleges that Carol Davis retained respondent to represent her in connection with a personal injury matter. Respondent later settled the case for $10,000 without Ms. Davis’ knowledge or consent. Respondent forged Ms. Davis’ name to the settlement draft and to the receipt and release documents, and he converted the settlement funds to his own use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Davis.
In Count IX of the formal charges, the ODC alleges that Judy Honoré retained respondent to represent her in connection with a personal injury matter. Respondent later settled the case for $10,000 without Ms. Honore’s knowledge or consent, and he converted the settlement funds to his own use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Honoré.
In Count X of the formal charges, the ODC alleges that Vesta Gant retained respondent to represent her in connection with a personal injury matter. Respondent later settled the case without Ms. Gant’s knowledge or consent. Respondent forged Ms. Gant’s name to a $100,000 settlement draft and to the receipt and release documents, and he converted the settlement funds to his own use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Gant.
In Count XI of the formal charges, the ODC alleges that Michael Cochenic retained respondent to represent him in connection with a personal injury matter. After respondent was disbarred in 1997, he contacted Mr. Cochenic and convinced him to permit the case to be settled immediately. Respondent, who had not advised Mr. Cochenic that he had been disbarred, signed the settlement draft and receipt and release documents and deposited the *180 settlement draft into his account.[3] Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mr. Cochenie.
In Count XII of the formal charges, the ODC alleges that in 1991, Jill Armor De-bernardin retained respondent to represent her in connection with the wrongful death of her husband.. Respondent filed suit on Ms. Debernardin’s behalf but then neglected the matter and failed |sto communicate with his client.[4] Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Debernardin.
In Count XIII of the formal charges, the ODC alleges that Marilyn Horton retained respondent to represent her in connection with a personal injury matter. Respondent later settled the case without Ms. Horton’s knowledge or consent. Respondent forged Ms. Horton’s name to the settlement draft and to the receipt and release documents, and he converted the sum of $7,500 to his own use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Horton.
In Count XIV of the formal charges, the ODC alleges that Sadie Haynes retained respondent to represent her in connection with a personal injury matter involving the City of New Orleans. After a trial, judgment was rendered in Ms. Haynes’ favor. Although respondent advised his client that the City was unable to pay the judgment for lack of funds, the City had in fact paid the judgment, in full, directly to respondent. Respondent forged Ms. Haynes’ name to the settlement draft and to the receipt and release documents, and he converted the sum of $58,685.16 to his own .use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Haynes.
In Count XV of the formal charges, the ODC alleges that Patricia Washington retained respondent to represent her in connection with a personal injury matter. Respondent later settled the case without Ms. Washington’s knowledge or consent, and he converted the settlement funds to his own use. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Ms. Washington.
The ODC alleges that respondent’s conduct violates Rules 1.3, 1.4, 1.15, 4.1(a) (making false statements of material fact to a third person), 5.5 (engaging in the unauthorized practice of law), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(b), 8.4(c), 8.4(d), and 8.4(g) of the Rules of Professional Conduct.
| .DISCIPLINARY PROCEEDINGS
After the formal charges were filed, respondent filed a petition for consent discipline, proposing that he be disbarred from the practice of law.[5] The ODC concurs in this sanction.

Disciplinary Board Recommendation

The disciplinary board found that respondent violated duties owed to his clients, the public, and the profession, and that respondent’s misconduct was knowing, intentional, and caused “a great *181 amount of actual injury.” The board also noted that this matter presents the third instance in which respondent has faced disbarment for commingling and converting client funds.
Considering the circumstances, the board concluded the proposed consent discipline is appropriate. Accordingly, the board recommended respondent be disbarred, that his license to practice law be revoked, and that he be ordered to pay restitution to his victims. The board also recommended that respondent, who is already disbarred, be prohibited from petitioning this court for readmission pursuant to Supreme Court Rule XIX, § 24(A) until five years have elapsed from the effective date of this disbarment. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record demonstrates by clear and convincing evidence that respondent is unfit to practice law in the State of Louisiana. Respondent, twice disbarred by this court for conversion and commingling of client and third party funds, has repeatedly acted with callous disregard for the interests of his clients, the public, and the profession as a whole.
Accordingly, we will accept the petition for consent discipline. Recognizing that respondent is currently disbarred, we will extend the minimum period for readmission for an 17additional five years from the date of finality of this judgment. Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987).
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Accordingly, it is ordered that the minimum period within which Ronald A. Welcker may seek readmission to the practice of law be extended for a period of five years, commencing from the finality of this judgment. Respondent is ordered to make full restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence running thirty days from the date of finality of judgment until paid.

 Calogero, C.J., not on panel. Rule IV, Part II, § 3.

. Respondent was disbarred on June 3, 1997 for misconduct involving commingling and conversion of client funds. In re: Welcker, 97-0825 (La.6/3/97), 694 So.2d 918. On October 3, 1997, respondent’s disbarment was extended by five years for similar misconduct. In re: Welcker, 97-2004 (La. 10/3/97), 701 So.2d 186.

. As a result of respondent's failure to appear in court on behalf of the Brunettis, warrants were issued for their arrest and additional fines were imposed by the court.

. When Mr. Cochenie learned of respondent's disbarment, he contacted the insurance company that had issued the settlement draft. The insurer was able to place a stop payment on the draft in sufficient time to prevent the actual conversion of funds by respondent.

. At the time Ms. Debernardin filed her complaint with the ODC, the expiration of the five-year abandonment period was only weeks away. The ODC advised Ms. Debernardin to seek new counsel to enroll and take action on an emergency basis, and dismissal of the suit was averted.

.Respondent acknowledged that he engaged in the misconduct set forth in the formal charges, with the exception of the allegation that he engaged in the unauthorized practice of law. Respondent also acknowledged his criminal conviction as charged in the supplemental and amending formal charge in 98-DB-019.