ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from a petition for consent disbarment filed by respondent, Jason Blaine Rochon, an attorney licensed to practice law in the State *433 of Louisiana, but currently on interim suspension.[1] The Office of Disciplinary Counsel (“ODC”) concurred in the proposed consent discipline, and the disciplinary board recommended respondent’s petition be accepted.
UNDERLYING FACTS
Because this matter arises from a petition for consent discipline, the underlying facts have not been developed in detail. However, the record reveals that respondent is presently the subject of some thirty-four disciplinary investigations by the ODC involving more than forty client files. The categories of misconduct involved, and the approximate number of instances in which that type of misconduct occurred, may be summarized as follows: twenty-four instances of failing to properly handle client property by failing to render an accounting, failing to inform a client of a settlement, failing to |2properly remit a settlement, forging a client’s signature, converting and commingling client and third-party funds, and failing to use and maintain a trust account; eight instances of neglect of client matters; nine instances of fading to properly withdraw as counsel by abandoning his law practice, failing to return client files, failing to protect a client’s interest, and failing to complete a matter; two instances of failing to return unearned fees and charging excessive fees; seven instances of failing to communicate with clients and/or misrepresenting cases to clients; two instances of dishonesty, fraud, deceit, or misrepresentation (such as lying to clients); and four instances of engaging in conduct that is disruptive to a tribunal and prejudicial to the administration of justice. In addition, respondent inappropriately and without consent touched a receptionist who worked in his office; physically attacked another attorney in front of a number of witnesses, including clients; and initially failed to cooperate in the ODC’s disciplinary investigation.
DISCIPLINARY PROCEEDINGS
Prior to the institution of formal charges, respondent filed a petition for consent discipline. In that petition, respondent admits that his conduct violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15 (safekeeping-property of clients or third persons), 1.16 (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 3.5(c) (engaging in conduct disruptive to a tribunal), 5.1 (responsibilities of a supervisory lawyer), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. For. his misconduct, respondent proposed that he be disbarred from the practice of law.
The ODC concurred in the petition, finding respondent has engaged in serious misconduct warranting disbarment. As aggravating factors, the ODC cited a pattern Rof misconduct; multiple offenses; initial failure to cooperate with the disciplinary investigation; vulnerability of the victims; lack of total restitution; and selfish motive. As mitigating factors, it recognized remorse; personal and emotional problems, in particular bipolar disorder; inexperience in the practice of law (admitted 1993); “eventual” cooperation with the disciplinary investigation; and payment of substantial restitution.

*434
Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated a duty owed to his clients, the public, the legal system, and the profession by failing to communicate with clients, failing to use due diligence, failing to return unearned fees, engaging in conduct disruptive to a tribunal, and failing to properly safeguard the funds of clients and third parties. The board also found that respondent’s conduct caused actual harm by delaying his clients’ cases, withholding payment due to clients and third parties, and putting some clients at financial risk by failing to pay third-party providers.
Relying on the ABA’s Standards for Imposing Lawyer Sanctions[2] and the prior jurisprudence dealing with similar misconduct,[3] the board concluded the baseline sanction in this case is disbarment. The board recognized the aggravating and |4mitigating circumstances cited by the ODC in its concurrence to the petition for consent discipline, but concluded there was no reason to deviate from the baseline sanction. Accordingly, the board recommended respondent be disbarred from the practice of law.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Respondent has admitted to numerous instances of serious professional misconduct, including neglect of legal matters, failure to communicate with clients, failure to account for or return unearned legal fees, failure to properly safeguard client and third-party funds, engaging in conduct disruptive to a tribunal, and failure to cooperate with the ODC in its investigation. This misconduct indicates respondent is not fit to practice law in Louisiana. Accordingly, we will accept the petition for consent discipline and order that respondent be disbarred from the practice of law.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Jason Blaine Rochon be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On September 22, 1999, this court ordered that respondent be placed on interim suspension pursuant to a joint motion filed by respondent and the ODC. In re: Rochon, 99-2654 (La.9/22/99), 744 So.2d 1272.

. The board cited the following: Standard 4.11, which provides that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client; Standard 4.41, which provides that disbarment is generally appropriate when a lawyer abandons his practice, knowingly fails to perform services for a client, or engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client; Standard 6.22, which provides that suspension is generally appropriate when a lawyer knowingly violates a court order or rule and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding; and Standard 7.1, which provides that disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

. The board found In re: Caver, 97-0823 (La.5/1/97), 693 So.2d 150, and Louisiana State Bar Ass'n v. Hinrichs, 486 So.2d 116 (La.1986), instructive.