ATTORNEY DISCIPLINARY PROCEEDINGS.
hPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Derek John Honoré, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS

Addison Matter

In 1996, after graduating from law school but prior to his admission to the Louisiana bar, respondent was employed as a paralegal/law clerk at the Law Offices of Jason Rochon and Associates (“Rochon firm”). During this time, Gaynell Arm-wood Addison retained the Rochon firm to represent her in connection with a personal injury matter. Ms. Addison’s matter was handled by respondent. Ms. Addison assumed respondent was a licensed attorney, and he made no efforts to advise her otherwise. During the course of the representation, Ms. Addison attempted to contact respondent regarding the status of her case, but was unsuccessful. Respondent failed to file suit on behalf of Ms. Addison and her case prescribed.
In October 1998, respondent was admitted to the bar. Days later, respondent forwarded a check in the sum of $1,600 to Ms. Addison. He did not provide her with an explanation for the payment and she remained unaware that her case had prescribed.
12Subsequently, Ms. Addison filed a disciplinary complaint with the ODC. When respondent failed to comply with the ODC’s request for information regarding the complaint, the ODC issued a subpoena to compel his cooperation. In his statement, respondent suggested that it was his intent to pay some money to Ms. Addison “for the damage he had done,” but without disclosing to her that her suit had prescribed and that she had the right to seek independent counsel to advise her concerning any potential malpractice claim.

*163
Malbrough Matter

After his admission to the practice of law, respondent continued to work at the Rochon firm. Mr. Rochon was counsel of record for Mary Malbrough, who had a personal injury matter pending in the 15th Judicial District Court for the Parish Lafayette. By 1999, Mr. Rochon had largely abandoned his practice.[1] As a result, respondent made an appearance at a pretrial conference on behalf of Ms. Malb-rough. However, respondent did not file the appropriate motions into the court record as ordered, nor did he advise Ms. Malbrough of his failure to do so.
On the day trial was scheduled in Ms. Malbrough’s case, neither respondent nor anyone else from the Rochon firm appeared on her behalf. When contacted by the court, respondent, who was in New Orleans, requested a continuance. The trial judge denied the continuance and ordered respondent to be in court in Lafayette in two and one-half hours to commence trial. Respondent failed to appear as ordered, and did not communicate with the court. As a result of respondent’s failure to appear, the trial [¿judge dismissed Ms. Malbrough’s case with prejudice. Respondent failed to notify Ms. Malbrough of the dismissal.
Subsequently, the trial judge filed a complaint with the ODC. Respondent failed to comply with the ODC’s requests for information concerning the matter.

Anderson Matter

Mae Thelma Anderson retained the Ro-chon firm to represent her in a personal injury matter pending in the 15th Judicial District Court for the Parish of Lafayette. Mr. Rochon was listed as Ms. Anderson’s counsel of record in the case.
Prior to a hearing on a motion for summary judgment in the case, respondent agreed to enroll as counsel and take over Ms. Anderson’s representation. However, respondent failed to do so. As a result, Ms. Anderson’s suit was dismissed.

Martin Matter

Charlene Martin retained respondent to represent her in connection with a personal injury matter. Respondent instituted suit on behalf of his client, but failed to take any further action in the case and failed to communicate with Ms. Martin. Additionally, respondent neglected to comply with opposing counsel’s discovery requests. As a result, the court granted opposing counsel’s motion to compel and ordered respondent to completely answer the discovery requests within fifteen days. Respondent failed to comply with the court’s order. Based on this failure, the trial court dismissed Ms. Martin’s suit with prejudice. Respondent did not disclose this dismissal to Ms. Martin.
|4Ultimately, Ms. Martin discharged respondent, retained other counsel and requested the return of her file. Respondent neglected to timely return Ms. Martin’s case file, despite repeated requests by her.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent based on *164 the Addison, Malbrough and Anderson matters. The charges allege violations of Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.7 (conflict of interest), 1.8 (prohibited transactions between a lawyer and client), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
After additional investigation, the ODC amended the formal charges and added the charge arising from the Martin matter.[2] This charge asserts violations of Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.7 (conflict of interest), 1.8 (prohibited transactions between a lawyer and client), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration ¡fiof justice) and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Respondent filed an answer admitting to the allegations of misconduct subject of the formal charges. Accordingly, the formal hearing was limited to the issue of mitigation.

Recommendation of the Hearing Committee

Relying on respondent’s admissions, the hearing committee determined the ODC proved by clear and convincing evidence the allegations of professional misconduct. The hearing committee recognized that respondent’s actions were negligent in some cases, but were willful and intentional in others. It noted that he caused actual or potential injury to his clients insofar as he permitted their eases to prescribe or be dismissed.
As aggravating factors, the committee cited the pattern of misconduct and multiple offenses. In mitigation, the committee recognized prior disciplinary record, timely good faith effort to make restitution and to rectify the consequences of his misconduct, inexperience in the practice of law, good character and reputation, interim rehabilitation and remorse.
In determining an appropriate sanction, the committee observed respondent’s disciplinary problems all arose out of his employment with Mr. Rochon and respondent’s inability to handle the rigors of a civil law practice. It noted respondent has since taken a job with the Orleans Parish Indigent Defender Board, and the evidence developed at the hearing indicated he has done a good job in a structured environment. The committee suggested respondent could probably avoid future | ^disciplinary pitfalls if he refrained from handling civil cases without the assistance of competent lead counsel.
Considering these factors, the committee recommended that respondent be suspended for a period of two years, with all but six months deferred, subject to a two-year period of probation with conditions involving, among other things, practice monitoring, limitation of civil practice and restitution.

*165
Recommendation of the Disciplinary Board

The disciplinary board adopted the hearing committee’s factual findings and application of the professional rules. It found respondent violated duties owed to his clients, to the legal system and as a professional. It determined his inactions were “generally knowing,” causing injury to his clients and resulting in the dismissal of their cases. The board concluded his failure to communicate with his clients, failure to return his clients’ files upon request and his misleading clients into believing that their claims were still pending delayed resolution of their legal matters. The board further concluded respondent’s failure to comply with the ODC’s requests for information caused unnecessary delays and the imposition of additional burdens.
The board accepted the aggravating and mitigating factors cited by the committee. However, the board deviated from the sanction recommended by the hearing committee, and instead proposed respondent be given a fully deferred two-year suspension, subject to a two-year period of probation with conditions.
Although neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board, we docketed the matter for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G)(1)(a).
JjDISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See, In re: Catdfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on respondent’s admission to the misconduct, we find the allegations set forth in the formal charges are proven by clear and convincing evidence. Accordingly, we now turn to a discussion of the appropriate sanction for respondent’s misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In essence, respondent’s misconduct consists of neglect of client matters. His actions caused actual harm to his clients, some of whom had their suits dismissed as a result of respondent’s actions. Respondent’s omissions strike at the very heart of Rthe attorney’s professional responsibility to ensure the rights of his or her clients are protected. The baseline sanction for this misconduct is a suspension from the practice of law.
However, our view of respondent’s actions is ameliorated in some degree by the evidence in the record which indicates that shortly after respondent was admitted to practice, his employer, Mr. Rochon, virtu *166 ally abandoned the law firm, leaving respondent to deal with the firm’s clients with little or no guidance from an experienced attorney. While this finding in no way excuses respondent’s failure to properly discharge his responsibilities in those client matters entrusted to him, it serves to mitigate the harshness of the sanction.
In short, we believe this is a case in which respondent’s misconduct was the product of inexperience rather than any improper motive. We are impressed that respondent demonstrated sincere remorse for his actions and has indicated he will not repeat these mistakes in the future. Under these circumstances, we feel the appropriate discipline is a deferred suspension coupled with a highly-structured probationary period, which will give respondent an opportunity to correct his past deficiencies while protecting the public from the possibility of any future harm.
Under these circumstances, we will suspend respondent from the practice of law for a period of two years, but defer that suspension in its entirety and place respondent on probation for a period of two years, subject to the following conditions:
1. During the period of probation, respondent shall not undertake the representation of any clients in civil cases of any kind;
2. Respondent shall request that the ODC appoint a practice monitor to supervise his professional activities and respondent shall comply with all reasonable requests of his monitor;
|fl3. Should respondent discontinue his employment with the Orleans Parish Indigent Defender Program, he shall notify the ODC within five days;
4. In addition to his ordinary mandatory continuing legal education requirements, respondent shall earn an additional ten hours of continuing legal education for each year during his probationary period, in the areas of law office management, ethics or professionalism; and
5. Six months prior to the conclusion of the probationary period, the ODC shall file a report with this court advising whether it believes the probationary period should be allowed to terminate or whether probation should be continued for an additional period of time.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Derek John Honoré, Louisiana Bar Roll number 25711, be suspended from the practice of law for a period of two years. It is further ordered that this suspension shall be deferred in its entirety and respondent shall be placed on supervised probation for a period of two years, subject to the conditions identified in this opinion. Any violation of the conditions of probation or other misconduct during the probationary period may be grounds for making the deferred suspension executory or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
WEIMER and VICTORY, JJ., dissent and assign reasons.
TRAYLOR, J., dissents for reasons assigned by WEIMER, J.

. During this time, the ODC commenced a disciplinary investigation into widespread professional misconduct by Mr. Rochon, including, among other things, commingling and conversion of client and third-party funds, failing to return unearned fees, engaging in conduct that was disruptive to a tribunal and prejudicial to the administration of justice and physically attacking another attorney in front of a number of witnesses, including clients. We placed Mr. Rochon on interim suspension in September 1999. In re: Rochon, 99-2654 (La.9/22/99), 744 So.2d 1272. Thereafter, we disbarred him as a result of this misconduct. In re: Rochon, 00-3356, (La. 1/12/01), 776 So.2d 432.

. In response to the first three charges, respondent submitted a petition for consent discipline. That petition was rejected by this court and the case was remanded for further proceedings. In re: Honore, 01-1607 (La.6/29/01), 791 So.2d 79. On remand, the ODC amended the charges to add the charge arising from the Martin matter.