976 So.2d 160 (2008)
In re Derek John HONORE.
No. 2003-B-0980.
Supreme Court of Louisiana.
February 15, 2008.
Rehearing Denied March 28, 2008.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
On December 3, 2003, we suspended respondent, Derek John Honore, for two years, deferred in its entirety, subject to a two-year period of supervised probation, for his violations of the Rules of Professional Conduct. In re: Honore, 03-0980 (La. 12/3/03), 861 So.2d 161 ("Honore I"). Our judgment specified five conditions of probation, including the following requirement:
In addition to his ordinary mandatory continuing legal education requirements, respondent shall earn an additional ten hours of continuing legal education for each year during his probationary period, in the areas of law office management, ethics or professionalism.
Our opinion specifically provided that any violation of these conditions by respondent, or the commission of any misconduct during the period of probation, "may be grounds for making the deferred suspension executory or imposing additional discipline, as appropriate."
Following the appointment of a probation monitor and the filing of a probation *161 plan approved by the disciplinary board, respondent's probation commenced on May 11, 2004. Eighteen months later, the Office of Disciplinary Counsel ("ODC") notified the court of its independent determination that respondent failed to earn the additional ten hours of continuing legal education ("CLE") for each year of his probation which was imposed as a condition of probation in Honore I. Specifically, for the first year of his probation, calendar year 2004, respondent obtained only six additional hours of CLE in the areas of ethics or professionalism; for the second year, calendar year 2005, respondent earned no CLE hours.[1]
Based on this information, we issued a rule to show cause to respondent directing him to explain whether he complied with his probation requirements under Honore I. Respondent filed a brief indicating that he earned 14.3 hours of CLE in the fields of ethics and professionalism in 2006, and argued that when these hours were added to the hours he earned in 2004, he was in compliance with the conditions of probation. However, respondent's MCLE transcript indicated that nearly all of his 2006 hours were earned through "on-line" CLE courses.[2]
After considering respondent's brief, we issued an order on November 15, 2006 ("Honore II") extending respondent's probation through calendar year 2007, and directing him to obtain eleven hours of CLE in the areas of law office management, ethics, or professionalism (in addition to his ordinary CLE requirements) on or before December 31, 2007.
On January 17, 2008, the ODC notified the court that respondent failed to comply with the additional CLE requirements of his probation imposed in Honore II. Specifically, the ODC noted that for the 2007 calendar year, respondent failed to earn any additional hours of continuing legal education in the areas of law office management, ethics, or professionalism.
In his response to the ODC's pleading, respondent pointed out that he had completed one hour of CLE in professionalism in December 2006, but he admitted that he had not yet completed any of the remaining hours in fulfillment of the court's order in Honore II. Respondent requested that we extend his probation through June 30, 2008 in order to permit him to complete the necessary CLE.

DISCUSSION
In Honore I, we found respondent engaged in fairly serious professional misconduct arising from his neglect of client matters. While we found the baseline sanction for this misconduct was a period of suspension, we placed great emphasis on our finding that respondent's actions were a product of his inexperience. Accordingly, we concluded that a fully deferred two-year suspension, coupled with a highly-structured probationary period, would give respondent an opportunity to correct his past deficiencies while protecting the public.
*162 A key component of respondent's probationary period was the requirement that he earn additional hours of CLE in ethics, professionalism and law office management. At no time during the initial two-year probationary period did respondent fully comply with this requirement. Based on these facts, it was clear respondent was in violation of the terms of probation by 2006. However, mindful of the disruption caused during part of the probationary period by Hurricane Katrina, we elected to give respondent a second chance in Honore II by extending his probation for an additional year, and specifically directing him to earn eleven additional hours of CLE by December 31, 2007. As of that date, respondent earned only one hour of additional CLE, leaving a deficiency of ten hours.
Based on the undisputed facts before us, we conclude that respondent has not made a good faith effort to comply with the conditions of his probation despite being given ample opportunity to do so. Accordingly, ex proprio motu, we will revoke respondent's probation and make the previously deferred two-year suspension executory.

DECREE
For the reasons assigned, respondent's probation is revoked, and the two-year suspension imposed in In re: Honore, 03-0980 (La.12/3/03), 861 So.2d 161 is hereby made executory.
JOHNSON, J., dissents.
WEIMER, J., dissents in part, I would not impose the full two-year suspension at this time.
NOTES
[1] By emergency order dated September 26, 2005, this court provided that because of the effects of Hurricane Katrina, attorneys would not be required to complete the annual minimum CLE requirements of 12.5 hours. However, nothing in this order waived additional CLE requirements imposed as a condition of probation. Additionally, the record reflects respondent made no effort to obtain any CLE hours in 2005 during the eight months preceding Hurricane Katrina.
[2] 13.3 hours of the 14.3 hours he completed were earned through on-line courses. Supreme Court Rule XXX, Rule 3(d) provides that credit for attendance at on-line and other similar self-study courses "shall be limited to four (4) hours annually."